Herman BENSON et al.

v.

The UNITED STATES.

Congressional No. 17876.

United States Court of Claims.
April 5, 1955.

Richard K. Lyon, Washington, D. C., for plaintiffs.

George S. Leonard, New York City, with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

JONES, Chief Judge.

This case comes to the court by Congressional reference. It concerns damages (loss of life, personal injury, and property damage) resulting from the explosion of a munitions truck on a public highway in North Carolina in 1942. There are more than 200 plaintiffs.

The matter is presently before the court pursuant to an order directed to defendant to show cause why the Government's contention relating to the interpretation of Rule 26, 28 U.S.C.A., containing discovery procedures, should not be overruled. Specifically, the rule directs the defendant to show cause why the court should not—

"(a) Hold (i) that '* * * rules which give to all litigants, private citizens and the Government alike, the same rights of pretrial discovery as is accorded to them in suits brought in the district courts pursuant to section 1346, title 28 * * *' require the words 'not privileged' in Rule 26 of this court to be given the same meaning as the same words in Rule 34 of the Federal Rules of Civil Procedure [28 U.S. C.A.]; (ii) that the Congress, in enacting section 55 of Public Law 779, 83d Congress, intended only to

confirm authority previously given by and exercised under section 2071; and (iii) that Rule 26 of this court, from its adoption, was a procedure separate and distinct from the call procedure, and as such was and is unrestricted by the provisions of section 2507; and

"(b) Order defendant's claims of privilege in this proceeding to be tested by the meaning accorded to privilege in the law of evidence."

The bill pending in the House of Representatives for the relief of claimants who suffered loss as the result of the explosion was referred to the court on November 21, 1951, pursuant to sections 1492 and 2509 of title 28, United States Code.

Six months prior to this reference, on May 15, 1951, the court adopted revised rules, substantial portions of which were derived from the Federal Rules of Civil Procedure for the district courts of the United States. The discovery procedures of Rule 34 of the Federal Rules were not included in the revision. Instead, the court adopted rules authorizing calls upon the Government by the court on its own motion or by plaintiffs upon motion. Provision for such calls was contained in Rule 26 of the revision of May 15, 1951. Rule 27 of the same revision authorized calls by defendant on parties plaintiff. The latter procedure was an innovation in the rules of the court at that time. Authority for the procedure was predicated on the provisions of section 2504 of title 28 which authorize the court, at the instance of the Attorney General, to order any plaintiff to appear before a commissioner and be examined on oath as to all matters pertaining to his claim.

Authority for Rule 26 of the 1951 revision rested on section 2507, title 28, which, at that time, provided in pertinent part as follows:

"The Court of Claims may call upon any department or agency of the United States for any information or papers it deems necessary * * *.

"The head of any department or agency may refuse to comply when, in his opinion, compliance will be injurious to the public interest."

Pleadings in the instant case were completed in May 1952, and on July 29, 1952, plaintiffs filed two motions pursuant to (the then) Rule 26(b) for calls upon the Department of the Army and the Interstate Commerce Commission. Defendant opposed both motions. Oral argument was heard at the October 1952 term, and instructions were issued from the bench which appeared at the time to clarify the situation.

In the course of pretrial proceedings subsequently held, it developed that the issues between the parties relating to calls had not been resolved. A series of additional motions for calls and orders followed. Defendant opposed in each instance. Parts of plaintiffs' motions were allowed, while others were denied without prejudice to the right to renew as indicated by the progress of pretrial proceedings. Such pretrial proceedings were carried on through 1952 and well into 1953.

On October 15, 1953, the rules of the court were again revised. In such revision this court for the first time adopted discovery procedures, as set forth in Rule 26 of the 1953 revision. That portion of our Rule 26 which is pertinent to this discussion was adopted almost verbatim from Rule 34 of the Federal Rules. It provides in substance that upon motion of any party showing good cause therefor the court may order any party to produce and permit the inspection and copying of any documents or things, not privileged.

The call provisions in the revision of October 1953 are contained in the present Rule 27, which reflects a consolidation of Rules 26 and 27 of the 1951 revision. The present rule provides for calls upon the Government by the court upon its own motion and for calls "by any party * * * upon any adverse party," upon motion to the court. This provision for calls in behalf of the parties requires the

production by the party to whom the order is directed of any documents or things, not privileged. The words "not privileged" were thus inserted in the call rule for the first time. They were deemed necessary as a protection for any party plaintiff to whom a call might be directed at the instance of defendant. Under the terms of section 2507 the head of a department or agency could refuse to comply with a call issued at the instance of plaintiff when compliance would be injurious to the public interest. Without the words "not privileged" parties plaintiff would have been without any means whatever of challenging a call deemed to be improper. Insertion of the words "not privileged" in Rule 27 was intended to afford a party plaintiff the same rights to object to a call which either party might make to an order to produce for discovery under Rule 26. The words were deemed to have a definite meaning in the law of evidence, well understood by bench and bar.

Immediately after the revision of the rules on October 15, 1953, the commissioner advised the parties in the instant case that the revision affected substantially the procedures relating to the production of documents for discovery, calls, and pretrial submissions, and suggested that a fresh start be made on pretrial procedures in this case "to the end that the rules may be followed to the letter, and counsel may build a record which will not only present their respective positions, but preserve their points for future argument if either or both believes prejudice has been done."

Plaintiffs thereupon filed motions for discovery under the new Rule 26. Defendant opposed. Orders were nevertheless issued for the production of designated documents, not privileged, by the Interstate Commerce Commission, the Department of the Army, and the Department of Justice. Each order specified that privilege, if claimed, should be asserted by the head of the department.

Upon receipt of the order directed to it, the Department of the Army withdrew from the procedural controversy, advising the court that in compliance with the order it would make available for inspection and reproduction all documents in its possession requested by plaintiffs and specified in the court's order.

The Interstate Commerce Commission, in its initial response to the order of the court, cited the provisions of 49 U.S.C.A. § 320(f) as precluding it from producing the report of the accident filed with it by the motor carrier, and asserted a claim of privilege covering everything else specified in the order. In a subsequent response the Commission withdrew its claim of privilege as to everything except the motor carrier's report. Plaintiffs, in open court, withdrew their demand for this report. Consequently, no claim of privilege on behalf of the Interstate Commerce Commission is now pending.

The order to produce which had been directed to the Department of Justice was a modified version of the orders directed to the Department of the Army and the Interstate Commerce Commission. The Department of Justice made no response to the court, and it does not appear from the record that a response was necessary. It developed, however, in the course of further pretrial proceedings, that the position of the Interstate Commerce Commission respecting its claim of privilege would be argued by attorneys in the Department of Justice, and that the Department of Justice was not officially on record in relation to claims of privilege so asserted.

In order to clarify the position of the Government an amended order, dated February 24, 1954, was directed to the Department of Justice to produce designated documents, not privileged, and to advise the court whether or not certain other designated documents had been made available to the Department by the Interstate Commerce Commission.

The response of the Department of Justice to the court's amended order is contained in a letter from the Attorney General, dated July 30, 1954, addressed to the clerk. The Attorney General declined to produce or identify any desig-

nated documents, citing the provisions of section 2507 of title 28.

At this time plaintiffs were contending vigorously in pretrial proceedings that the act of the Interstate Commerce Commission in delivering to the trial attorney for defendant in the Department of Justice the report of accident filed with the Commission by the motor carrier, constituted a waiver of any privilege that might otherwise attach to such report. It had not been established as a fact in this court that the motor carrier's report had been delivered to the Department of Justice by the Interstate Commerce Commission. Without advice from either the Commission or the Department as to the disposition of the report, it was impossible to pass on plaintiffs' contention relating to waiver.

While plaintiffs in oral argument before the court at the March 1955 term abandoned their claim of waiver, the commissioner who was conducting the pretrial proceedings had not been so advised prior to the oral argument.

The commissioner further advises that he understood the response of the Attorney General to the amended order of the court to mean that, in reliance on the provisions of section 2507 of title 28, the Attorney General declined either to produce or to identify any documents designated in the order, and further refused to assert expressly a claim of privilege (as that term is understood in the law of evidence) as his reason for the failure so to produce or identify. We think such an interpretation of the Attorney General's response was warranted.

There had been referred to the commissioner for his recommendation, pursuant to the provisions of Rule 37(c), the motions and opposition thereto from which arose the claim of privilege by the Interstate Commerce Commission and the refusal by the Attorney General to comply with the court order. In connection with such reference, the parties filed with him briefs in support of their respective positions. The brief filed by defendant asserted that because of the provisions of section 2507 the claims of privilege

asserted by agency heads cannot be questioned, a position which was reasserted by defendant in the brief filed with the court in response to the rule to show cause.

Plaintiffs took the contrary position in their brief filed with the commissioner, contending that privilege, when claimed, should be tested by the meaning of privilege as known in the law of evidence. They have repeated this position in their brief filed with the court.

Upon consideration of the briefs of the parties, the commissioner, on January 6, 1955, filed with the court his recommendation that there be issued the rule to show cause hereinabove quoted. The commissioner's recommendation contained the following:

"The Department of Justice has taken a technical position in support of which it has avoided * * * the central issue which is: Whether or not the Congress in the enactment of Public Law 779, 83d Congress, intended to confirm authority previously given by and exercised under section 2071 of the judicial code.

"Until this issue is resolved, the questions presented by the order of reference first listed above, will not be reached."

The order of reference "first listed above" by the commissioner was the order which referred to him for his recommendation on the merits, the claim of privilege interposed by the Interstate Commerce Commission.

Public Law 779, 83d Congress, amended section 2507 of title 28 to read as follows:

"(a) The Court of Claims may call upon any department or agency of the United States or upon any party for any information or papers, not privileged, for purposes of discovery or for use as evidence. The head of any department or agency may refuse to comply with a call issued pursuant to this subsection when, in his opinion, compliance will be injurious to the public interest.

"(b) Without limitation on account of anything contained in subsection (a) of this section, the court may, in accordance with its rules, provide additional means for the discovery of any relevant facts, books, papers, documents or tangible things not privileged * * *."

Both the House and Senate reports accompanying H. R. 9730, 83d Congress, which became Public Law 779, contained the following:

"The purpose of proposed subsection (b) of section 2507 of title 28 is to eliminate the argument that the only means by which a litigant in the Court of Claims can obtain papers in the custody of Government departments is through a call, and to make it clear that in the enactment of section 2071, title 28, United States Code, Congress intended that the Court of Claims could issue rules, which give to all litigants, private citizens and the Government alike, the same rights of pretrial discovery as is accorded to them in suits brought in the District Courts pursuant to section 1346, title 28, United States Code."

Defendant contended before the commissioner, and repeated the contention in its brief filed with the court, that the words "not privileged" in section 2507 (b), as amended, relate back to and take their substance from the same words in section 2507(a), as amended, and that these words in subsection (a), in turn take their meaning from the privilege of the head of any department or agency to refuse to comply with a call issued by the court when, in his opinion, compliance will be injurious to the public interest. Language used in our opinion in the case of Kamen Soap Products Co. v. United States, 110 F.Supp. 430, 124 Ct. Cl. 519, is cited by defendant in support of the restricted meaning which it ascribes to the words "not privileged" in section 2507(a), as amended.

From the foregoing recitation of facts, it is apparent that the question for deci-sion at this time, under the rule to show cause, relates only to the meaning to be ascribed to two words in Rule 26, and is therefore much narrower than the question presented by counsel, particularly counsel for defendant, in the oral argument before the court. Reference to the language of the rule shows that the defendant was ordered to show cause why the court should not hold that the words "not privileged" in Rule 26 have the same meaning as the same words in Rule 34 of the Federal Rules, and order defendant's claims of privilege in this proceeding to be tested accordingly. We therefore limit our discussion to this narrow question.

Defendant is in error in one of the facts on which its contention is predicated. When it equates the words "not privileged" in section 2507(a), as amended, with the statutory right of the head of a department to withhold compliance with a call, it overlooks the method by which those words came into the statute. As pointed out above in the recitation of the development of the court's rules, the words "not privileged" found their way into the call rule as a protection for parties plaintiff subjected to calls on behalf of defendant.

The present rule was adopted on October 15, 1953. The call statute was revised by section 55 of Public Law 779, 83d Congress, approved September 3, 1954.

In this revision of the call statute the Congress for the first time specifically authorized the use of calls upon plaintiffs as well as upon the departments and agencies of the United States. Another purpose of the revision as contained in 2507(a) was to make explicit the authority to use calls for purposes of discovery as well as of evidence.

It seems plain, therefore, that the words "not privileged" in Rule 27(b), the present call rule, and in the amended call statute, the present section 2507(a), have a broader meaning than defendant would ascribe to them. In relation to calls directed to parties plaintiff on behalf

of defendant, the plaintiff in responding may claim privilege as that term is understood in the law of evidence. He is authorized to do so by the call rule and by the call statute. On this basis it would seem that the presence of the words "not privileged" in both the rule and the statute afford to defendant an alternative. In other words, the head of a department or agency might decline to comply with a call and give as the reason therefor either his opinion that compliance would be injurious to the public interest or a claim of privilege as that term is understood in the law of evidence.

Turning now to the discovery rule, the words "not privileged" in our Rule 26 must have the same meaning as the same words in Federal Rule 34, unless the application of our Rule 26 is in some manner restricted. Defendant contends that it is so restricted by the provision in the call statute authorizing refusal on the ground that compliance would be injurious to the public interest. The essence of this argument is that our Rule 26 would be inconsistent with an act of Congress unless the words "not privileged" are restricted as defendant contends.

The rule-making power of this court is derived from section 2071 of title 28, which provides:

> "The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court."

Inasmuch as our Rule 26 was taken from Federal Rule 34, there is no inconsistency between our rule and the rules of practice and procedure prescribed by the Supreme Court. Defendant does not so contend. Its contention is limited to the assertion that our Rule 26 would be inconsistent with an act of Congress if the words "not privileged" be interpreted to mean "not privileged" as that term is understood in the law of evidence.

As part of the revision of section 2507, Public Law 779 provided in subsection (b) that "without limitation on account of anything contained in subsection (a) of this section, the court may, in accordance with its rules, provide additional means for the discovery of any relevant facts, books, papers, documents, or tangible things, not privileged." Defendant contends that this language means no more than an authorization for this court to adopt discovery procedures under which a party could be ordered to produce without resorting specifically to the call method. In support of this position, defendant cites the reasoning of the court in respect to *subpoenas duces tecum* in Kamen Soap Products Co. v. United States, supra. In the same connection defendant would dispose of the words "without limitation on account of anything contained in subsection (a) of this section," by the syllogistic reasoning above mentioned to the effect that the words "not privileged" had a restricted meaning in subsection (a), and therefore are similarly restricted in any authority which may be exercised under subsection (b). In thus reasoning that things equal to the same thing are equal to each other, defendant, as pointed out above, overlooked a salient part of the history of the call rule.

In the reports accompanying the bill which became Public Law 779, each of the Houses of Congress said that the purpose of subsection (b) of section 2507 was "to make it clear that in the enactment of section 2071 * * * Congress intended that the Court of Claims could issue rules which give to all litigants, private citizens and the Government alike, the same rights of pretrial discovery as is accorded to them in suits brought in the district courts pursuant to section 1346 * * *." This section (1346) provides that the district courts shall have original jurisdiction concurrent with the Court of Claims of civil actions not exceeding $10,000 in amount and of civil actions relating to taxation without limit.

There is no statute applicable to the district courts comparable to our call statute. The Federal Rules of Civil Procedure contain no rule similar to our call rule. The only way by which any litigant suing in the district court pursuant to section 1346 can obtain discovery is through Federal Rule 34. This rule provides, as does our Rule 26, that upon motion of any party showing good cause, the court may order any party to produce documents or things "not privileged." Therefore, if this court is to have a rule which gives to all litigants in this court, plaintiffs as well as defendant, the same rights of pretrial discovery as is accorded to them in suits brought in the district courts pursuant to section 1346, the words "not privileged" in our Rule 26 must be given the same meaning as the same words in the Federal Rule. As used in Rule 34 of the Federal Rules, the words "not privileged" relate to privilege as known and understood in the law of evidence. It follows that defendant's claims of privilege in this proceeding should be tested accordingly.

There is no further question before the court under the instant rule. We are not called upon at this time to determine whether or not defendant should produce any of the papers withheld by it. As a matter of fact there is now no claim of privilege pending in this action. The Interstate Commerce Commission withheld the motor carrier's report under a claim of privilege, but plaintiffs in open court abandoned their demand for its production. The Attorney General has not claimed privilege as that term is understood in the law of evidence as to any of the items which the Department of Justice was ordered to produce.

In view of the time which has been consumed in pretrial proceedings, and on the basis of the differences between the parties as indicated in the oral argument before the court, the case should proceed to trial for the development of the facts. If, in the course of trial, it appears that further evidence in support of plaintiffs' claims might be developed by further use

of discovery procedures, the parties may then clarify the specific demands of plaintiffs for the production of documents and the specific claims of privilege, if any, to be asserted by defendant.

It is so ordered.

LARAMORE, MADDEN, WHITAKER and LITTLETON, Judges, concur.